IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RENEISHA MARKS,** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **BAYLOR COLLEGE OF MEDICINE,** § <br> § <br> **AND DOES 1 TO 25 INCLUSIVE,** § <br> § <br> **Defendants.** § | **CIVIL ACTION NO. _____** |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Baylor College of Medicine ("Defendant" or "BCM") files this Notice of Removal of Cause No. 2024-65260, filed by Plaintiff Reneisha Marks ("Plaintiff") in the 281st Judicial District Court of Harris County, Texas, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. In support of removal, BCM respectfully shows the Court the following:

**I.   INTRODUCTION**

1. This is an employment dispute. On September 23, 2024, Plaintiff Reneisha Marks initiated this action in the 281st Judicial District Court of Harris County, Texas, styled *Reneisha Marks v. Baylor College of Medicine and Does 1 to 25*, Cause No. 2024-65260 ("Original Petition."). The Original Petition is attached to this Motion as **Exhibit C-1**).[1]

2. In the Original Petition, Plaintiff asserts claims for: (1) racial and national origin discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) hostile work environment and retaliation under Title VII; (3) disparate impact under Title VII; and (4) racial discrimination under 42 U.S.C. § 1981 *et seq*. ("1981 Claim"). *See* **Ex. C-1**, Orig. Pet. at 6-10; 14-

---

[1] In accordance with LR81, an index of all matters being filed, is attached hereto as **Exhibit A**. A list of all counsel of record, including addresses, telephone numbers, and parties represented, is attached hereto as **Exhibit E**.

15; 18-19; 20-21.[2] Relying on the same set of underlying allegations regarding her employment, Plaintiff also asserts employment discrimination claims under Chapter 21 of the Texas Labor Code, as well as common law claims for intentional and negligent infliction of emotional distress and claims for "constructive discharge" and "vicarious liability." *See id.* at 10-11 (intentional and negligent infliction of emotional distress); 12 (constructive discharge); 13 (disparate treatment); 16 (national origin discrimination); 17 (disparate impact); 19 (vicarious liability).

3. A copy of the state court docket is attached as **Exhibit B**. A copy of each document filed in the state court action is attached as **Exhibit C, C-1**.[3]

## II. JURISDICTION

**A.     Federal Question Jurisdiction – 28 U.S.C. § 1331**

4. Removal is proper because the Court has subject matter jurisdiction over this lawsuit based upon federal question jurisdiction. 28 U.S.C. §§ 1331, 1441(a). The United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

5. Plaintiff's Original Petition asserts civil federal causes of actions arising under Title VII and under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.*, all of which are federal laws. *See* Orig. Pet. at 6-10; 14-15; 18-19 (Title VII claims); 20-21 (Section 1981 claims). Thus, this case falls within the original federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

---

[2] Because the Original Petition's paragraphs appear to be misnumbered (*see, e.g.*, Orig. Pet. at 14, 19), BCM will use page numbers when referencing the allegations in the Original Petition.

[3] As a filed restricted document, certain information in Plaintiff's Statement of Inability to Afford Payment of Court Costs has been redacted out of abundance of caution in accordance with the Federal Rules of Civil Procedure.

**B.  Supplemental Jurisdiction – Plaintiff's State Law Claims**

6. Relatedly, this Court has supplemental jurisdiction over Plaintiff's state law claims. Where a United States District Court has original jurisdiction over at least one of the claims in a case, the Court also has supplemental jurisdiction over any additional claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This requirement is satisfied where the claims "derive from a common nucleus of operative fact." *Halmekangas v. ANPAC La. Ins. Co.*, 603 F.3d 290, 293 (5th Cir. 2010).

7. Here, Plaintiff's federal and state claims all derive from a common nucleus of operative fact arising from Plaintiff's employment with BCM. Specifically, Plaintiff indicates that both of her federal and Chapter 21 claims "adopt[] by reference each and every paragraph of [Plaintiff]'s facts and allegations stated in this Original Petition," which outlined the basis of her employment dispute with Baylor College of Medicine. *Compare e.g.*, Pl's Orig. Pet. at 6-8 (Title VII claims) with 13, 16 (Chapter 21 claims). Indeed, Plaintiff relies on the same set of alleged facts to support all of her federal and state law claims. For instance, she identified a set of allegedly discriminatory acts to support both her Title VII and Chapter 21 race discrimination claims, namely that, as compared to Caucasian employees, (1) she was denied resources to perform her job, (2) she asked to perform work outside of her job description, and that (3) she was excluded from decisions related to her job responsibilities. *Compare* Pl's Orig. Pet. at 6 *with* 14. She repeats the same set of alleged conduct to support her Title VII and Chapter 21 disparate impact claims. *Compare* Pl's Orig. Pet. at 17 *with* 18. Similarly, her intentional and negligent infliction of emotional distress claims all arise out of BCM's alleged "fail[ure] to prevent or adequately address the harassment and discrimination" and relies on the same set of alleged discriminatory employment practices to support both of those common law causes of actions, as well as her claims

3

for "constructive discharge" and "vicarious liability." *See id*. at 10-11; *see also id*. at 12 (alleging constructive discharge based on "intolerable working conditions" such as "exclusion from decision-making processes, denial of necessary resources, racially charged remarks, assignment of tasks outside of her job duties. . . ."); 19 (alleging vicarious liability based on the same set of conduct).

8. Because Plaintiff's state law claims form part of the same case and controversy as her federal claims, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. *See e.g., Lyon v. Kroger Co.*, Civ. No. 4:16-cv-00489, 2016 WL 6211736, at *1 (E.D. Tex. Sept. 20, 2016), *report and recommendation adopted by*, 2016 WL 6159446 (E.D. Tex. Oct. 24, 2016) (noting that at time of removal, the court had supplemental jurisdiction over plaintiff's Chapter 21 claims as relating to plaintiff's Title VII claims); *Lozada v. Regal Ware, Inc.*, 564 F.Supp.2d 715, 718 (W.D. Tex. 2008) (exercising supplemental jurisdiction over plaintiff's intentional infliction of emotional distress claims as deriving from the same common nucleus of operative fact as plaintiff's Title VII claims); *Melendez v. Manpower, Inc.*, Civ. No. 7:18-cv-00119, 2020 WL 13420853, at *1, n. 12 (S.D. Tex. Mar. 10, 2020) (noting the same).

9. Further, no "exceptional circumstances" or "compelling reasons" warrant the Court declining to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Nothing in Plaintiff's request for relief under Chapter 21 or within her state law claims presents a novel or complex issue of state law. To the contrary, Chapter 21 of the Texas Labor Code, which additionally subsumes the "gaper-filler" torts of intentional and negligent infliction of emotional distress claims, is "modeled after federal civil rights law" and "purports to correlate 'state law with federal law in the area of discrimination in employment.'" *NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 144

4

(Tex. 1999) (internal citations omitted); *Melendez*, 2020 WL 13420853, at *3 (recognizing intentional infliction of emotional distress claim as a "gap filler" tort that is pre-empted by Chapter 21). And because the result of the Court's analysis under either statute will necessarily be the same, judicial economic encourages exercising supplemental jurisdiction over Plaintiff's state-law claims. *See, e.g., Lucarino v. Con-Dive, LLC*, Civ. No. H-09-2548, 2010 WL 786546, at *3 (S.D. Tex. Mar. 5, 2010) (opining that where "[t]here is significant overlap between the discovery and evidence on the federal and state-law claims," exercising jurisdiction over state law claim promotes judicial economy); *McLeland v. 1845 Oil Field Servs.*, 97 F.Supp.3d 855, 866 (W.D. Tex. 2015) (exercising supplemental jurisdiction where "state law claim [would] not require extra proof, raise a substantially broader scope of issues, or a more comprehensive remedy" (citing *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003)).

10. Accordingly, this Court should exercise supplemental jurisdiction over Plaintiff's state-law claims based on the overlapping facts with the federal questions presented in the Original Petition.

### III.   PROCEDURAL PREREQUISITES

11. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division. Under 28 U.S.C. § 1441(a), a civil action brought in a State court may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." The state court action originated in Harris County, Texas, and the United States District Court for the Southern District of Texas – Houston Division embraces Harris County, Texas, so venue is proper in this Court. *See* 28 U.S.C. §§ 1391(b) and 1441(a).

12. The removal is timely. Pursuant to 28 U.S.C. § 1446(b), the "notice of removal shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…." BCM was first made aware of Plaintiff's Original Petition on October 8, 2024, when the Petition was received in the mail by a BCM employee. *See* **Ex. C** (showing proof of service on October 8); **Ex. D** (Proof of Delivery on October 8, via USPS). While BCM does not concede proper service has been made because the mailing does not constitute proper service, this Notice of Removal is nevertheless timely filed within 30 days after first receipt of Plaintiff's Petition by BCM on October 8, 2024.

13. As required by 28 U.S.C. § 1446(d), a Notice to State Court of Filing of Notice of Removal along with a copy of this Notice of Removal will be promptly filed with the clerk of the 281st Judicial District Court of Harris County and served on Plaintiff. A copy of the Notice to State Court of Filing of Notice of Removal is attached hereto as **Exhibit F**.

14. Pursuant to Local Rule 81, an Index of Matters Being Filed is attached hereto as **Exhibit A** and a List of Counsel of Record is attached hereto as **Exhibit E**.

15. By removing this action, BCM does not waive any defenses, objections, or motions available to it under state or federal law.

### IV. CONCLUSION

WHEREFORE, Defendant Baylor College of Medicine respectfully requests the removal of this action from the 281st Judicial District Court of Harris County to the United States District Court for the Southern District of Texas, Houston Division.

Dated: November 7, 2024                                Respectfully submitted,

                                                                  */s/  Luke C. MacDowall*
                                                            Luke C. MacDowall (Attorney-in-Charge)
                                                            State Bar No. 24104445
                                                            Federal I.D. No. 2983511
                                                            Jay Zhang
                                                            State Bar No. 24110574
                                                            Federal I.D. No. 3365543
                                                            LITTLER MENDELSON, P.C.
                                                           1301 McKinney Street, Suite 1900
                                                            Houston, TX  77010
                                                           Telephone: 713.951.9400
                                                           Facsimile:  713.951.9212
                                                           LMacDowall@littler.com
                                                           JZhang@littler.com

                                                           **ATTORNEYS FOR DEFENDANT**
                                                           **BAYLOR COLLEGE OF MEDICINE**

## **CERTIFICATE OF SERVICE**

     I certify that November 7, 2024, a true and correct copy of the foregoing document was duly served via ECF. A true and correct copy of the foregoing document will be served via certified mail, return receipt requested, in accordance with the rules of civil procedure as follows:

          John L. Pittman III, Esq., LLM
          The Law Offices of John L. Pittman III, APC
          925 B Street, Suite 604
          San Diego, California 92101
          Direct: 760-575-4042
          Fax: 877-575-5264
          jlpittmaniii@jp31aw.com

          **ATTORNEY FOR PLAINTIFF**

                                                            */s/  Luke C. MacDowall*
                                                           Luke C. MacDowall