IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RENEISHA MARKS,** § | |
| § | |
| Plaintiff, § | |
| v. § | **CIVIL ACTION NO. 4:24-CV-04369** |
| § | |
| § | |
| § | |
| **BAYLOR COLLEGE OF MEDICINE,** § | |
| **AND DOES 1 TO 25 INCLUSIVE,** § | |
| Defendants. § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER
RULE 26(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Order Setting Conference dated November 20, 2024 (Dkt. 7), Plaintiff Reneisha Marks and Defendant Baylor College of Medicine file this Joint Discovery/Case Management Plan.

1. **State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.**

   The parties met virtually on December 20 and 23, 2024. John L. Pittman attended for Plaintiff. Luke MacDowall attended for Defendant.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Specify the allegation of federal jurisdiction.**

   The parties agree that the Court has federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

4. **Name the parties who disagree and the reasons.**

   None.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

1

    None anticipated.

**6.**    **List anticipated interventions.**

    None anticipated.

**7.**    **Describe class-action issues.**

    None.

**8.**    **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Parties anticipate serving their initial disclosures within 14 days after the Rule 26(f) conference, or by January 2, 2025.

**9.**    **Describe the proposed agreed discovery plan, including:**

   **A.**    **Responses to all the matters raised in Rule 26(f).**

      **(1)**    **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

          The parties do not request any changes in the timing, form, or requirement for disclosures under Rule 26(a).

          The Parties anticipate serving their initial disclosures by January 2, 2025.

      **(2)**    **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

          The parties agree that discovery will be necessary on all issues related to liability and damages. The parties do not believe discovery should be conducted in phases or be limited to or focused upon particular issues. The parties propose a discovery deadline of August 4, 2025.

      **(3)**    **Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

          To the extent that electronic information is relevant, available, or becomes necessary, the parties agree that any such production of documents may be in hard copy, PDF, word format, or tiff images. If a party determines that production in a format other than hard copy, PDF, word format, or tiff

images is reasonably necessary then the parties agree to confer in good faith to address requests for production in an agreeable, alternative format.

In accordance with Rules 26(b)(2)(B) and (C)(i), the parties agree that they are not required to provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden and cost, particularly when there may be a less expensive or more convenient source to obtain the electronically stored information, if any at all.

**(4)** **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.**

The parties will assert any claims of privilege in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The parties agree that if privileged or work product documents are inadvertently produced, such inadvertent production will not waive or destroy the privilege or work product protection. If a party inadvertently produces a document (including any copies of the inadvertently produced document that it may have made before notification), the producing party will seek its return. If the document is in an electronic form, the producing party will seek for the receiving party to permanently delete the document. The parties respectfully request that the Court incorporate this agreement into its scheduling order. The parties agree to submit to the Court an Order pursuant to Federal Rule of Evidence 502(d). The parties are not aware of any other issues relating to claims of privilege or protection at this time.

**(5)** **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

None.

**(6)** **Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

In addition to the order provided in ¶ 9(A)(4) above, the parties may agree to a proposed protective order regarding confidential business, personnel documents and information, and confidential income and health-related information for submission to the Court, if necessary.

**B.** **When and to whom the plaintiff anticipates it may send interrogatories.**

The plaintiff anticipates sending interrogatories to Baylor College of Medicine's most knowledgeable person, Dr. Michael Schürer, Olga Taylor, and Terae Johnson. These interrogatories will focus on the internal policies, communications, training

3

records, and evidence related to the plaintiff's claims. The interrogatories are anticipated to be served by August 4, 2025.

C. **When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates sending interrogatories to Plaintiff before the discovery deadline.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

The plaintiff anticipates taking the oral depositions of Dr. Michael Schürer, Dr. Philip Lupo, Olga Taylor, and Terae Johnson. These individuals are directly involved in or have witnessed events related to the claims of discrimination, harassment, and retaliation. These depositions are anticipated to be completed by August 4, 2025.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant will take Plaintiff's deposition before other oral depositions in this case are taken, and Defendant anticipates timely doing so following the receipt of responses to Defendant's written discovery, as well as the receipt of appropriate third-party records, if any. Defendant then anticipates taking the depositions of any other third-party fact witnesses prior to the discovery deadline.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate expert witnesses, if any, by April 11, 2025.

Defendant shall designate its responsive expert witnesses, if applicable, and provide expert witness reports by May 30, 2025.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B)(expert report).**

Plaintiff anticipates deposing any experts designated by Defendant, if any, before the discovery deadline.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B)(expert report).**

Defendant does not anticipate expert witnesses being required in this case. However, Defendant anticipates completing any applicable expert witness depositions prior to the discovery deadline.

4

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The parties agree with the current discovery plan. Additionally, the parties have agreed to electronic service pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). Specifically, Plaintiff agrees to electronic service provided that Defendant serves documents upon counsel of record John L. Pittman by email at jlpittmaniii@jp3law.com. Defendant agrees to electronic service provided that Plaintiff serves documents upon counsel of record Luke MacDowall by email at lmacdowall@littler.com and Jay Zhang at jzhang@littler.com.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

12. **State the date the planned discovery can reasonably be completed.**

    August 4, 2025.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties anticipate exploring potential settlement discussions after initial discovery has been completed and anticipate continuing to engage in periodic discussions regarding the possibility of negotiating a settlement agreement between counsel.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties have agreed to explore potential settlement discussions following the completion of initial discovery.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

    The parties have agreed to explore potential settlement discussions and potentially engage in mediation after discovery has been substantially completed.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to a trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff has made a timely jury demand.

18. **Specify the number of hours it will likely take to present the evidence in this case.**

      At this time, the parties anticipate that it will take approximately 32 hours to present the evidence in this case, not including any pre-trial conference or motion practice time.

**19.** **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

      None.

**20.** **List other motions pending.**

      None.

**21.** **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

      None.

**22.** **List the names, bar numbers, addresses, and telephone number of *all* counsel.**

John L. Pittman III (Attorney-in-Charge)  
Texas Bar No. 24127922  
Federal I.D. No. 3881542  
925 B. Street, Suite 604  
San Diego, California 92101  
Telephone: 833.575.4040  
Facsimile: 877-575-5264  
Email: jlpittmaniii@jp3law.com  

**ATTORNEY FOR PLAINTIFF**

Luke C. MacDowall (Attorney-in-Charge)  
Texas Bar No. 24104445  
Federal I.D. No. 2983511  
lmacdowall@littler.com  
Jay Zhang  
State Bar No. 24110574  
Federal I.D. No. 3365543  
jzhang@littler.com  
LITTLER MENDELSON, P.C.  
1301 McKinney Street, Suite 1900  
Houston, TX 77010  
713.951.9400 (Telephone)  
713.951.9212 (Facsimile)  

**ATTORNEYS FOR DEFENDANT**

Dated: December 23, 2024						Respectfully submitted,


									*/s/   John L. Pittman  – by permission*
									John L. Pittman (Attorney-in-Charge)
									Texas Bar No. 24127922
									25 B. Street, Suite 604
									an Diego, California 92101
									Telephone: 833.575.4040
									Facsimile: 877-575-5264
									Email: jlpittmaniii@jp3law.com


									**ATTORNEY FOR PLAINTIFF RENEISHA MARKS**



*Of Counsel:*

Jay Zhang							*/s/ Luke C. MacDowall*
State Bar No. 24110574				Luke C. MacDowall (Attorney-in-Charge)
Federal I.D. No. 3365543				State Bar No. 24104445
JZhang@littler.com					Federal I.D. No. 2983511
LITTLER MENDELSON, P.C.				Littler Mendelson, P.C.
1301 McKinney Street, Suite 1900		1301 McKinney Street, Suite 1900
Houston, TX  77010					Houston, TX  77010
Telephone: 713.951.9400				713.951.9400 (Telephone)
Facsimile:  713.951.9212				713.951.9212 (Facsimile)
									lmacdowall@littler.com

									**ATTORNEYS FOR DEFENDANT BAYLOR COLLEGE OF MEDICINE**

## CERTIFICATE OF SERVICE

    I hereby certify that on December 23, 2024, a copy of the foregoing document has been electronically filed with the Court, and served on the following by CM/ECF:

John L. Pittman III, Esq., LLM
The Law Offices of John L. Pittman III, APC
925 B Street, Suite 604
San Diego, California 92101
Direct: 833-575-4040
Fax: 877-575-5264
[jlpittmaniii@jp31aw.com](mailto:jlpittmaniii@jp31aw.com)

**ATTORNEY FOR PLAINTIFF**

                                                 */s/ Luke C. MacDowall*
                                                 Luke C. MacDowall